UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| John W., | Civ. No. 22-2612 (PAM/TNL) |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| Kilolo Kijakazi, Acting Commissioner of Social Security, | |
| Defendant. | |

This matter is before Court on the parties' cross-Motions for Summary Judgment. For the following reasons, the Defendant's Motion is granted, and Plaintiff's Motion is denied.

**BACKGROUND**

Plaintiff John W. filed an application for disability insurance benefits in June 2020, alleging that he had been disabled since July 4, 2019, due to schizophrenia, bipolar disorder, hallucinations, acid reflux, chronic fatigue, underactive thyroid, low white blood cell count, and poor focus, memory, and concentration. (Admin. R. (Docket No. 11) at 25.)

An individual is considered disabled for purposes of Social Security Disability Insurance benefits if he is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. § 1382c(a)(3)(A).  In addition, an individual is disabled "only if his physical or mental impairment or impairments are of such severity

that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." Id. § 1382c(a)(3)(B). "[A] physical or mental impairment is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." Id. § 1382c(a)(3)(D).

The Commissioner has established a sequential, five-step evaluation process to determine whether an individual is disabled. 20 C.F.R. § 416.920(a)(4). At step one, the claimant must establish that he is not engaged in any "substantial gainful activity." Id. § 416.920(a)(4)(i). If he is not, the claimant must then establish that he has a severe medically determinable impairment or combination of impairments at step two. Id. § 416.920(a)(4)(ii). At step three the Commissioner must find that the claimant is disabled, if the claimant satisfies the first two steps and the claimant's impairment meets or is medically equal to one of the listings in 20 C.F.R. Part 404, Subpart P, App'x 1. Id. § 416.920(a)(4)(iii). If the claimant's impairment does not meet or is not medically equal to one of the listings, the evaluation proceeds to step four. The claimant then bears the burden of establishing his residual functional capacity ("RFC") and proving that he cannot perform any past relevant work. Id. § 416.920(a)(4)(iv); Young v. Apfel, 221 F.3d 1065, 1069 n.5 (8th Cir. 2000). If the claimant proves he is unable to perform any past relevant work, the burden shifts to the Commissioner to establish at step five that the claimant can perform other work existing in a significant number of jobs in the national economy.

Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).  If the claimant can perform such work, the Commissioner will find that the claimant is not disabled.  20 C.F.R. § 416.920(a)(4)(v).

After a hearing, the Administrative Law Judge ("ALJ") determined that Plaintiff had the severe impairments of residual schizophrenia, status/post bipolar disorder, and personality disorder.  (Admin. R. at 25.)  The ALJ then determined that Plaintiff's impairments did not meet or medically equal the requirements of listed impairments.  (Id. at 26.)  The ALJ found that Plaintiff's RFC allowed him to perform work that exists in significant numbers in the national economy.  (Id. at 33-34.)  Thus, the ALJ determined that Plaintiff was not disabled.  (Id. at 34.)

Plaintiff brought this lawsuit under 42 U.S.C. § 405(g), after the Appeals Council affirmed the ALJ's determination that he was not disabled.  Plaintiff contends that the ALJ's decision is not supported by substantial evidence in the record.

**DISCUSSION**

The Court's review of the Commissioner's decision is limited to determining whether that decision is "supported by substantial evidence on the record as a whole." McKinney v. Apfel, 228 F.3d 860, 863 (8th Cir. 2000).  "Substantial evidence . . . is more than a mere scintilla."  Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019) (quotation omitted).  It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Id. (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).  If substantial evidence in the record supports the Commissioner's decision, the Court "may not reverse it because substantial evidence exists in the record that would have

3

supported a contrary outcome . . . or because [the Court] would have decided the case differently." McKinney, 228 F.3d at 863.

Relevant here, the record contains opinion evidence from examining source Alford Karayusuf, M.D., and the findings of state agency psychological consultants Joseph Cools, Ph.D., and P.E. Shields, Ph.D., all of which the ALJ found persuasive.[1] (Admin. R. at 30, 31.) Drs. Cools and Shields found that Plaintiff's interactions with coworkers and supervisors should be brief, superficial, and infrequent, and Dr. Karayusuf opined that Plaintiff's interactions with coworkers, supervisors, and the public should be superficial. (Id.) The ALJ determined that Plaintiff "requires work involving only occasional incidental interaction with the public, and . . . [that he] cannot perform teamwork or work in tandem with others." (Id. at 28.) The ALJ did not explicitly limit Plaintiff's interactions with coworkers and supervisors in his RFC.

Plaintiff contends that the ALJ erred by failing to incorporate all of the social limitations articulated by Drs. Cools, Shields, and Karayusuf into her RFC determination. Further, Plaintiff argues that the ALJ must explain why she did not do so, despite finding the determinations of Drs. Cools, Shields, and Karayusuf persuasive. In evaluating a claimant's RFC, however, an ALJ is not required to "articulate how [sh]e considered each medical opinion or prior administrative medical finding from one medical source individually." 20 C.F.R. § 404.1520c(b)(1). Rather, the ALJ must synthesize "all of the relevant evidence, including the medical records, observations of treating physicians and

---

[1] The ALJ did not find the opinion of treating source Michelle Wiersgalla, M.D., to be persuasive, because it was inconsistent with the record. (Admin R. at 31.)

4

others, and an individual's own description of [his] limitations" to establish the claimant's maximum capability for work.  Schmitt v. Kijakazi, 27 F.4th 1353, 1360 (8th Cir. 2022) (quoting Hensley v. Colvin, 829 F.3d 926, 931-32 (8th Cir. 2016));  see 20 C.F.R. § 404.1545(a)(1).  Here, the record demonstrates that Plaintiff can get along with others.  For example, Plaintiff reported that he goes to bars and restaurants with friends and that he enjoyed his former job a telemarketer, where he got along with his coworkers and those whom he called.  (Admin R. at 354, 363, 368, 381, 392, 398, 407, 414, 420, 472.)  "Whether the ALJ should have provided additional limitations amounts to a disagreement over the weighing of evidence within the record, and 'it is not this Court's role to reweigh that evidence.'"  Austin v. Kijakazi, 52 F.4th 723, 731 (8th Cir. 2022) (quoting Schmitt, 27 F.4d at 1361) (emphasis in original).  Thus, the Court finds that substantial evidence in the record supports the ALJ's determination regarding Plaintiff's ability to interact with others at work.

Plaintiff further claims that the ALJ erred by failing to explain why she did not include all of Drs. Karayusuf, Shields, and Cools' findings regarding Plaintiff's social limitations in her RFC determination, as required by Gann v. Berryhill, 864 F.3d 947, 953 (8th Cir. 2017).  Indeed, although the ALJ found their determinations credible, she did not incorporate all of the specific social limitations that these providers found into the RFC determination.  Even so, substantial evidence supports the ALJ's determinations regarding Plaintiff's RFC, unlike in Gann.  Thus, Plaintiff's argument is without merit, and he does not establish that the ALJ erred in denying him benefits.

**CONCLUSION**

Substantial evidence in the record supports the Commissioner's decision to deny benefits here. Accordingly, **IT IS HEREBY ORDERED that:**

1. Plaintiff's Motion for Summary Judgment (Docket No. 13) is **DENIED**; and

2. Defendant's Motion for Summary Judgment (Docket No. 15) is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: Thursday, March 16, 2023

*s/ Paul A. Magnuson*
The Hon. Paul A. Magnuson
United States District Court Judge